UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATERA D. PERKINS, | CASE NO. 1:14CV2213 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | Magistrate Judge George J. Limbert |
| CAROLYN W. COLVIN,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Defendant. | |

Plaintiff Katera A. Perkins ("Plaintiff") requests judicial review of the final decision of the Commission of Social Security ("Defendant") denying her application for Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on January 23, 2015, Plaintiff asserts that the administrative law judge ("ALJ") erred in his decision because the ALJ's decision: did not includes good reasons for discounting the opinions of one of Plaintiff's treating physicians; violated the treating-physician rule because it failed to mention the report of one of Plaintiff's treating physicians; afforded great weight to the opinions of the non-treating consulting doctors without noting that they did not have the benefit of later reports from Plaintiff's treating physicians; failed to mention the reports from Plaintiff's treating psychiatrist and found that Plaintiff had no mental limitations; discounted Plaintiff's symptoms because Plaintiff was not fully compliant with treatment; and found that the treatment Plaintiff sought and received for her symptoms is not the type of treatment that would be expected for a person who is disabled. ECF Dkt. #16 at 1.

For the following reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND this case for reconsideration and proper analysis of Plaintiff's impairments in compliance with the treating-physician rule.

---

[1] On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

**I.      PROCEDURAL AND FACTUAL HISTORY**

On April 19, 2011, Plaintiff filed an application for SSI. ECF Dkt. #11 ("Tr.") at 17. The Social Security Administration denied Plaintiff's application initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* On January 25, 2013, the ALJ held a hearing, however, the hearing was not completed due to technical problems. *Id.* The ALJ conducted a supplemental hearing on April 23, 2013. *Id.*

On April 30, 2013, the ALJ denied Plaintiff's application for SSI. Tr. at 17. The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 19, 2011. *Id.* at 19. The ALJ determined that Plaintiff suffered from diabetes with peripheral neuropathy, a severe impairment. *Id.* Continuing, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.* The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), except that she could climb ladders and balance on ramps or stairs no more often than frequently, and she could never climb ladders, ropes, or scaffolds. *Id.* at 20. The ALJ found that Plaintiff had no past relevant work, had a limited education, and that transferability of job skills was not at issue because Plaintiff had no past relevant work. *Id.* at 22. Further, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.* Finally, the ALJ stated that Plaintiff had not been under a disability, as defined in the Social Security Act, since April 19, 2011, the date Plaintiff's application was filed. *Id.* at 23.

On October 6, 2014, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on January 23, 2015, asserting the six following assignments of error:

1.      Treating physician Staszak reported claimant would be off-task more than 33 percent of the time, would need to elevate her legs to waist height, and would be absent more than three days per month. The decision's reasons for discounting these opinions were not good reasons as required.

2. Treating diabetes physician Kumar reports "DM type I uncontrolled with severe hyper and hypoglycemia and severe painful neuropathy and proteinuria and nephropathy." The decision violated the treating-physician rule by failing to mention Dr. Kumar's report, which supported Dr. Staszak's opinion and established that kidney damage caused the leg swelling.

3. The decision violated *Blakey* by giving "great weight" to the opinions of the non-examining doctors without noting that they did not have the benefit of the treating physicians' later, contrary records.

4. Treating psychologist Hill reported claimant's demeanor was withdrawn and guarded, mood was depressed, affect was constricted, and attention and concentration were impaired due to Dysthymic Disorder. The decision erred by failing to mention Dr. Hill or these reports, by making no findings about whether she was a "treating source," and by finding no mental limitations.

5. The decision discounted claimant's symptoms because claimant was not fully compliant with treatment. The decision violated all three protections of SSR 82-59, which requires findings that the treatment was prescribed, that compliance would have ended the disability, and that claimant had no good cause for failure to comply.

6. The decision's finding that "the treatment the claimant has sought and received for her symptoms is not what one would expect in the case of a person who is disabled within the meaning of the Act" was not supported by substantial evidence and is a medical presumption that deprived claimant of individualized fact-finding.

ECF Dkt. #16. On March 25, 2015, Defendant filed a response brief. ECF Dkt. #18. Plaintiff filed a reply brief on April 22, 2015. ECF Dkt. #20.

## II.    SUMMARY OF THE RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ found that Plaintiff suffered from diabetes with peripheral neuropathy, and that this impairment had persisted more than twelve continuous months and imposed more that minimal limitations on Plaintiff's ability to perform basic work activities, therefore qualifying as severe under 20 C.F.R. § 416.920(c). Tr. at 19. The ALJ found that although the record indicated that Plaintiff had severe physical impairments, none of those impairments reached the level of severity required by the Listing of Impairments, either singly or in combination. *Id.* at 20. Continuing, the ALJ stated that no treating or examining physician indicated findings consistent with the record as a whole that would satisfy the severity requirements of one of the Listed Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ then stated that Plaintiff's peripheral neuropathy did not satisfy the criteria of the Listing at 11.14 because Plaintiff had not experienced persistent

-3-

disorganization of motor function in at least two extremities that resulted in a sustained disturbance of gross and dexterous movement or of gait and station, as required by the Listing. *Id.*

The ALJ found that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except that she could climb ladders and balance on ramps or stairs no more often than frequently, and she could never climb ladders, ropes, or scaffolds. Tr. at 20. The ALJ stated that Plaintiff's allegations concerning the severity of her limitations were not consistent with the objective medical findings documented in the record, indicating that while some physical exams revealed diminished lower extremity reflexes, diminished lower extremity sensation, or edema of the lower extremities, other exams revealed no lower extremity edema, normal gait, and normal sensation. *Id.* at 21. The ALJ also indicated that the treatment Plaintiff sought and received for her symptoms was not the type of treatment that would be expected for a person that was disabled within the meaning of the Social Security Act, and cited Plaintiff's failure to adhere to her treatment regime as suggesting that Plaintiff did not view her symptoms to be so severe as to warrant serious treatment. *Id.* Additionally, the ALJ noted that Plaintiff received a referral for an evaluation for a spinal nerve stimulator to treat her neuropathy, but never attended any such evaluation. *Id.* The ALJ asserted that Plaintiff's failure to attend the evaluation also suggested that she did not think her symptoms were as severe as she claimed. *Id.*

The ALJ afforded great weight to the opinions of Willa Caldwell, M.D., and Gerald Kylop, M.D., the Ohio Department of Developmental Disabilities consulting physicians who reviewed the record at the initial and reconsideration levels, respectively. Tr. at 21. Both consulting physicians determined that Plaintiff remained capable of medium exertional activity that involved no climbing of ladders, ropes, or scaffolds, and no more than frequent balancing or the climbing of ramps or stairs. *Id.* The ALJ indicated that the consulting physicians' conclusions were generally consistent with objective medical evidence on the record and Plaintiff's limited approach to treatment. *Id.*

The ALJ afforded little weight to the opinions of Colleen Staszak, D.O., Plaintiff's primary care physician. Tr. at 21. Dr. Staszak had indicated, as outlined by the ALJ, that Plaintiff could perform less than six hours of sedentary work per day due to pain, was unable to wear shoes other than flip-flops, would be off task more than thirty-three percent of a typical day due to pain

interfering with her ability to concentrate, had to elevate her legs to waist height or higher for at least two hours, had to lie down for at least two hours per day, would have been absent from work more than three days per month, and would have needed extra breaks throughout the day. *Id.* at 21-22. The ALJ then stated that Dr. Staszak cited no clinical findings in support of her opinions, and that Dr. Staszak's treatment notes disclosed no objective findings consistent with her opinions. *Id.* at 22. Continuing, the ALJ stated that Dr. Staszik had indicated that Plaintiff had no appreciable mental limitations due to a mental disorder, and that this statement was consistent with the record. *Id.* The ALJ then indicated that some weight was afforded to Dr. Staszik's statements concerning the potentially limiting effects of Plaintiff's use of narcotics, and that Plaintiff's ability to maintain balance or climb ropes, ladders, or scaffolds may have been impaired. *Id.*

Following the discussion of the weight afforded to the opinions of Plaintiff's physicians, the ALJ stated that Plaintiff has no past relevant work, was considered a "younger person aged 18-49" on the date she filed her application for SSI, had a limited education and could communicate in English, and that the transferability of job skills was not an issue because Plaintiff had no past relevant work. Tr. at 22.

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. at 22.  The ALJ determined that Plaintiff was not capable of a full range of medium work because Plaintiff had limitations that eroded the occupational base of medium work. *Id.* at 23. To determine the extent to which Plaintiff's limitations eroded the unskilled medium occupational base, the ALJ asked a vocational expert whether jobs existed in the national economy that a hypothetical individual the same age as Plaintiff and with her education, work experience, and RFC could perform. *Id.* Responding to the question posed by the ALJ, the vocational expert testified that Plaintiff would have been able to perform the requirements of representative occupations such as cleaner, packager, and dishwasher. *Id.* Based on the testimony of the vocational expert, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. *Id.* Accordingly, the ALJ made the finding that Plaintiff had not been under a disability,

as defined in the Social Security Act, since April 19, 2011, the date Plaintiff's application for SSI was filed. *Id.*

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

-6-

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).

**V.     LAW AND ANALYSIS**

        **A.     TREATING PHYSICIANS' OPINIONS**

Plaintiff's first four assignments of error deal with assertions that the ALJ failed to comply with the treating-physician rule. An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. Most importantly, the ALJ must generally give greater deference to the opinions of the claimant's treating physicians than those of non-treating physicians. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A presumption exists that the opinion of a treating physician is entitled to great deference. *Id.*; *Rogers, supra*, at 243. If the presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544.

If an ALJ decides to discount or reject a treating physician's opinion, he must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to

-7-

make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore " 'be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied.'" *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, No. 09-3889, 2010 WL 1725066, at *8 (6th Cir. Apr.28, 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, No. 09-6437, 2011 WL 867214, at *7 (6th Cir. March 15, 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir.2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir.2010) (citation omitted).

#### i. **Assignment of Error One**

Plaintiff's first assignment of error alleges that the ALJ failed to provide good reasons for discounting treating physician Dr. Staszak's opinions that Plaintiff would be off-task more than thirty-three percent of the time, would need to elevate her legs to waist height for at least two hours per day, and would be absent from work more than three days per month. ECF Dkt. #16 at 17.

Plaintiff indicates that Dr. Staszak had treated Plaintiff since 2007 as her primary care physician. ECF Dkt. #16 at 17. Dr. Staszak's opinions were based off of nine office visits and a number of telephone sessions prior to the date of the opinions. *Id.* at 18. Plaintiff argues that the reasons contained in the ALJ's decision for the weight given to Dr. Staszak's opinions, namely that Dr. Staszak "cites no clinical findings consistent with her opinions" and that Dr. Staszak's treatment notes "disclose no objective findings consistent with her opinion," are not part of the controlling-weight test and only pertain to the "supportability" factor contained in 20 C.F.R. § 416.927(c)(2). *Id.* at 19. Continuing, Plaintiff alleges that the ALJ failed to consider other factors, such as expertise and how well other parts of the record support Dr. Staszak's opinions. *Id.* Plaintiff claims an electromyogram study and other laboratory studies showing hyperglycemia, hypoglycemia, and kidney damage, clinical findings of reflex loss and sensory loss in Plaintiff's feet, and findings of frequent bilateral leg edema should have been considered by the ALJ. *Id.*

Defendant asserts that the ALJ considered the entire record in making his decision. ECF Dkt. #18 at 9. In furtherance of this argument, Defendant points to information contained in opinions from Dr. Vikram Kumar, Dr. Sanjay Kumar, and the two consulting state-agency physicians. *Id.* Additionally, Defendant alleged that Dr. Staszak's opinion that Plaintiff was unable to work was not a medical opinion, but rather was a legal opinion reserved to Defendant. *Id.* For these reasons, Defendant asserts that the ALJ reasonably discounted Dr. Staszak's opinions.

Here, the ALJ has failed to provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. The ALJ did nothing more than list the findings in Dr. Staszak's opinions, proclaim that "no clinical findings support her opinions" and that "her treatment notes disclose no objective findings consistent with her opinions," and then move on to

-9-

a discussion of Plaintiff's mental limitations and narcotics use, finding that Dr. Staszak's opinion as to Plaintiff's mental limitations was consistent with the record and affording some weight to Dr. Staszak's opinions regarding Plaintiff's narcotics use. Tr. at 21-22. The ALJ failed to sufficiently explain why he rejected or discounted Dr. Staszak's opinions as to Plaintiff's physical limitations and how those reasons affected the weight afforded to the opinions, and thus this Court must find that substantial evidence is lacking. *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The ALJ failed to provide any reasons that are sufficiently specific as to why he did not afford controlling weight to the opinions of Dr. Staszak. Instead, the ALJ simply indicated that Dr. Staszak's opinions were inconsistent with clinical findings and treatment notes. Defendant attempts to provide specific examples of these inconsistencies in her brief on the merits by citing the opinions of other physicians, however, the ALJ did not include any of these specific examples in his decision. Accordingly, the ALJ has failed to meet Sixth Circuit requirements, and the failure to identify the reasons for discounting Dr. Staszik's opinions and to explain precisely how those reasons affected the weight afforded to those opinions requires that this case be remanded.

For the foregoing reasons, the undersigned recommends that the Court remand the instant case so that the ALJ can properly assess the opinions of Dr. Staszak.

### ii.     Assignment of Error Two

Plaintiff's second assignment of error claims that the ALJ violated the treating-physician rule by failing to mention Dr. V. Kumar's report that supported Dr. Staszak's opinions, which established that kidney damage caused Plaintiff's leg to swell. ECF Dkt. #16 at 20.

Plaintiff claims that the ALJ did not discuss the opinions of treating physician Dr. V. Kumar indicating that Plaintiff's diabetes was uncontrollable and that Plaintiff was suffering from hyperglycemia and hypoglycemia, protein in her urine, and kidney damage. ECF Dkt. #16 at 20. According to Plaintiff, this omission is harmful to Plaintiff because the ALJ failed to recognize the connection between Plaintiff's diabetes, kidney damage, and the swelling of her feet and ankles. *Id.* Plaintiff also states that Dr. V. Kumar separately opined that Plaintiff was unemployable, and that this opinion provides context for Dr. V. Kumar's medical opinions, although it should not be given controlling weight because it is not a medical opinion. *Id.* at 20-21.

-10-

Defendant argues that the ALJ was not required to consider Dr. V. Kumar's opinion that Plaintiff was unemployable because it was not a medical opinion, and that Dr. V. Kumar's opinion on Plaintiff's neuropathy was fully considered by the ALJ, as indicated by the ALJ's finding that neuropathy was one of Plaintiff's severe impairments. ECF Dkt. #18 at 11. Defendant does not argue or claim that Dr. V. Kumar was not a treating physician. Plaintiff contends that she does not rely on the Dr. V. Kumar's opinion that she was unemployable, but rather the separate opinions about the nature and severity of her diabetes and neuropathy. ECF Dkt. #20 at 5.

The ALJ did not mention the opinions of Dr. V. Kumar but for a single time in the decision. Defendant does not argue that Dr. V. Kumar was not a treating physician, and only addressed the relationship between Dr. V. Kumar and Plaintiff once in the context of the opinion that Plaintiff was unemployable, which Plaintiff concedes is not a decision of a medical nature. Defendant's argument that a discussion of Dr. V. Kumar's additional medical opinions was moot because the ALJ determined that Plaintiff suffered from neuropathy is not well taken. Defendant does not argue or demonstrate that Dr. V. Kumar was not a treating physician, and thus due to the complete omission of a discussion regarding Dr. V. Kumar's opinions regarding Plaintiff's physical limitations it is impossible to determine whether the ALJ did in fact afford proper weight to those opinions. *See Blakely*, 581 F.3d at 407.

Accordingly, the undersigned recommends that the Court remand the instant case so that the ALJ can properly assess the opinions of Dr. V. Kumar.

### iii. **Assignment of Error Three**

In her third assignment of error, Plaintiff asserts that the ALJ's decision violated *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009), because the decision afforded great weight to the opinions of non-examining doctors without noting that the doctors had not had the benefit of reviewing the treating physicians' later, contrary records. ECF Dkt. #16 at 21.

Plaintiff argues that an ALJ may not give greater weight to the opinions of medical consultants than the opinion of a treating physician, without explanation, if the medical consultants did not have the later evidence to review. ECF Dkt. #16 at 21 (citing *Blakely*, 581 F.3d at 409). Plaintiff then claims that the ALJ did exactly what *Blakely* prohibited. *Id.* at 21.

-11-

Defendant argues that Dr. V. Kumar's opinion that Plaintiff was unable to work was not a medical opinion. ECF Dkt. #18 at 11. As with assignment of error two, Defendant does not address the other opinions of Dr. V. Kumar, or claim that the other opinions were not medical opinions. Next, Defendant argues that at the time of consulting state-agency physician Dr. Kylop's review of Plaintiff's records, Plaintiff had indicated that her condition was no worse than at the time of her last disability determination. *Id.* It is unclear how this argument is beneficial to Defendant because the state-agency physicians, Dr. Caldwell and Dr. Kylop, provided opinions on September 29, 2011 and February 10, 2012, respectively. Tr. at 93, 103. Dr. V. Kumar issued a report on September 30, 2011, meaning that Dr. Caldwell could not consider this later assessment. *Id.* at 469. Dr. Staszak issued a report on January 10, 2013, meaning that neither Dr. Caldwell nor Dr. Kylops could consider this later assessment. Finally, Defendant indicates that Dr. Staszak's January 10, 2013 report was issued after the opinions of both state-agency physicians. For the same reason as Defendant's previous argument, it is unclear how this fact helps Defendant's position in light of *Blakely*.

In *Blakely*, the Sixth Circuit indicated that an ALJ's decision to afford greater weight to state-agency physicians over treating sources was not, by itself, reversible error, and that in appropriate circumstances opinions from state-agency physicians may be entitled to greater weight than opinions from treating physicians. *Blakely*, F.3d at 409. The Sixth Circuit goes on to determine that when non-examining sources did not have the opportunity to review treatment records prepared after the non-examining sources provided the opinion upon which the ALJ relied, there is the requirement of some indication that the ALJ at least considered the fact that the non-examining physicians did not have the opportunity to review the later reports before giving greater weight to the opinions of the non-examining sources than the opinions of treating physicians. *Id.* (citing *Fisk v. Astrue*, 253 Fed. App'x 580, 585 (6th Cir. 2007)). In the instant case, the ALJ has failed to comply with *Blakely*. The ALJ offers no indication that additional reports from treating sources were prepared by treating physicians after the opinions of the state-agency, non-examining physicians were offered.

-12-

For the above reasons, the undersigned recommends that the Court remand the instant case so that the ALJ can properly assess the opinions of Dr. Caldwell and Dr. Kylops.

### iv.     Assignment of Error Four

Plaintiff's fourth assignment of error alleges that the ALJ erred by failing to mention reports prepared by Amber Hill, Ph.D., by making no finding whether Dr. Hill was a treating source, and by finding no mental limitations whatsoever. ECF Dkt. #16 at 21.

Plaintiff argues that despite a recommendation that Plaintiff seek individual counseling by Dr. Hill and Bonnie Adams, L.S.W., a mental status examination showing withdrawn and guarded demeanor, depressed mood, constricted affect, and an impairment of concentration, a diagnosis of dysthymic disorder from Dr. Hill, and a finding of depression by Dr. Staszak, the ALJ found no mental impairments and no mental restrictions. ECF Dkt. #16 at 22. Continuing, Plaintiff argues that the ALJ made no mention of Dr. Hill's opinions and undertook no analysis into whether Dr. Hill was a treating source. *Id.* Plaintiff contends that the ALJ should have determined whether Dr. Hill qualified as a treating source and whether Dr. Staszak was a treating source regarding Plaintiff's mental impairments. Alternatively, Plaintiff argues that even if neither Dr. Hill nor Dr. Staszak was a treating source regarding Plaintiff's mental impairments, the ALJ was required to evaluate their opinions about the loss of concentration and discuss the weight given to those opinions. *Id.*

Defendant contends that even if Dr. Hill was a treating source, her opinions that Plaintiff had mild limitations in attention and concentration, was moderately depressed, and had fair insight and judgment were addressed at step five of the sequential evaluation because the ALJ found that Plaintiff could perform only unskilled jobs. Continuing, Defendant asserts that the unskilled jobs at step five account for any potential mild concentration deficiencies because "concentration is not critical" for unskilled work under the Commissioner's Policy. POMS DI 25020.010(B)(3).

Defendant's arguments fail. An ALJ's decision must be supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cole*, 661 F.3d at 937. Substantial evidence is more than a scintilla, but less than a preponderance. *Rogers*, 486 F.3d at 234. In the instant case, the ALJ's only discussion of Plaintiff's mental limitations occurs during the assessment of Dr. Staszak's opinions, and states, "Dr. Staszak also indicates that the claimant

-13-

has no appreciable mental limitations due to a mental disorder. This statement is consistent with the record, which shows little evidence of significant mental limitations." Tr. at 22. The ALJ never mentions Dr. Hill in the decision, and does not directly address any evidence supporting the decision regarding Dr. Staszak's opinion on Plaintiff's mental limitations. Defendant also claims that the ALJ's finding that Plaintiff could perform unskilled jobs because concentration was not critical for these types of jobs indicates that the ALJ considered Plaintiff's mental limitations. However, the ALJ never indicated that he took Plaintiff's mental limitations into consideration when determining that Plaintiff could perform unskilled work, but rather indicates that Plaintiff has "other limitations." *Id.* at 23. It is unclear what these "other limitations" consist of, but it can not be said that the "other limitations" are somehow evidence that the ALJ considered the opinions of Dr. Hill and adequately considered Plaintiff's mental limitations when making his decision.

Accordingly, the undersigned recommends that the Court remand the instant case so that the ALJ can properly assess the opinions regarding Plaintiff's mental limitations.

### B.     REMAINING ASSIGNMENTS OF ERROR
#### v.     Assignment of Error Five

Plaintiff's fifth assignment of error alleges that the ALJ's decision discounted Plaintiff's symptoms because Plaintiff was not fully compliant with her treatment. ECF Dkt. #16 at 23. Plaintiff claims that the ALJ's decision violated the three protections of SSR 82-59. *Id.*

SSR 82-59 states that the Social Security Administration may make a determination that an individual has failed to follow prescribed treatment only where all of the following conditions exist:

1. The evidence establishes that the individual's impairment precludes engaging in any substantial gainful activity (SGA) or, in the case of a disabled widow(er) that the impairment meets or equals the Listings of Impairments in Appendix 1 of Regulations No. 4, Subpart 4; and

2. The impairment has lasted or is expected to last for 12 continuous months from the onset of disability or is expected to result in death; and

3. Treatment which is clearly expected to restore capacity to engage in any SGA (or gainful activity, as appropriate) has been prescribed by a treating source; and

4. The evidence or record discloses that there has been a refusal to follow prescribed treatment.

-14-

Where the Social Security Administrations makes a determination of failure, a determination must also be made as to whether or not the prescribed treatment is justifiable. SSR 82-59 (it is unclear why Plaintiff indicates in her brief that there are only three protections, and why those protections are provided differently than as prescribed by SSR 82-59).

There is no need to evaluate Plaintiff's claim under the four-step process provided in SSR 82-59 because the rule is not applicable to the instant case. SSR 82-59 provides that a claimant who is found to have a disability under the five-step sequential analysis, but does not follow the prescribed treatment, must have a good reason for not following the treatment in order to be found disabled, stating:

> An individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the Social Security Administration determines can be expected to restore the individual's ability to work, cannot be [sic] virtue of such "failure" be found to be under a disability.

"Failure to follow prescribed treatment becomes a determinative issue only if claimant's impairment is found to be disabling under steps one through five and is amenable to treatment expected to restore her ability to work." *Hester v. Sec'y of Health & Hum. Servs.*, 886 F.2d 1315, 1989 WL 115632, *3 (6th Cir. 1989); *Williams v. Comm'r Soc. Sec.,* No. 3:13CV1276, 2014 WL 1406433, *12 (N.D. Ohio April 10, 2014). In the instant case, Plaintiff's impairments were not found to be disabling under steps one through five, and thus SSR 82-59 is not applicable and Plaintiff has no right to the protections offered therein.

For the above stated reasons, the undersigned recommends that the Court find that Plaintiff's fifth assignment of error is not a ground upon which to remand this case.

### vi. **Assignment of Error Six**

In her sixth assignment of error, Plaintiff asserts that the ALJ's finding that the treatment sought and received by Plaintiff was not the type one would expect in the case of a person who was disabled was not supported by substantial evidence and was a medical presumption that deprived Plaintiff of individualized fact finding. ECF Dkt. #16 at 24. Defendant did not respond to Plaintiff's sixth assignment of error.

-15-

> Plaintiff relies on SSR 86-6, which states:
>
> The disability determination or hearing must be set forth carefully. The rationale must reflect the sequential evaluation process; describe the weight attributed to the pertinent medical, nonmedical and vocational factors in the case; and reconcile any significant inconsistencies. Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence.

Plaintiff does not cite any case law suggesting that a discussion of an ALJ's assessment of the claimant's choice of treatment in determining claimant's credibility is grounds for remand. Further, the ALJ did provide several reasons as to why Plaintiff's treatment choices appeared inconsistent with her alleged impairments, indicating that Plaintiff chose less effective methods of treating her diabetes, was inconsistent in adhering to her diabetes control regime, and did not seek out all treatments recommended by her physicians. Tr. at 21. Plaintiff has failed to demonstrate how the ALJ's discussion of Plaintiff's credibility was a preposition, speculation, or a presumption that was substituted for evidence. ECF Dkt. #16 at 24. The ALJ pointed to evidence that supported the ALJ's position on Plaintiff's credibility regarding her impairments.

Additionally, Plaintiff's arguments that the ALJ failed to comply with a rule promulgated by the Social Security Administration have potentially become moot. Based on the ALJ's failure to comply with the treating-physician rule, the instant Report and Recommendation is recommending that this case be remanded. On remand, the ALJ is bound to comply with all rules promulgated by the Social Security Administration. The inclusion of a provision in this Report and Recommendation indicating that the ALJ must comply with SSR 86-8 would be redundant because the ALJ is already bound to comply.

## VI.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the ALJ's decision and REMAND this case for reconsideration and proper analysis of Plaintiff's impairments

-16-

in compliance with the treating-physician rule as it pertains to assignments of error one, two, three, and four.


DATE: November 5, 2015                            */s/George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE



      ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).