UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATERA D. PERKINS, | ) | CASE NO. 1:14CV2213 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Defendant. | ) | |

This matter is before the undersigned on the application for payment of attorney fees under the Equal Access to Justice Act ("EAJA") filed by Plaintiff Katera D. Perkins ("Plaintiff") on February 17, 2016. ECF Dkt. #26. On March 16, 2016, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant") filed a response brief opposing both the number of hours and the hourly rate requested by Plaintiff's attorneys and the appellate assistant who performed work on this case. ECF Dkt. #28. Plaintiff filed a reply brief on March 31, 2016. ECF Dkt. #31. For the following reasons, the undersigned RECOMMENDS that the Court GRANT Plaintiff's application for attorney fees under the EAJA (ECF Dkt. #26) in the amount of $7,577.40.

**I.    LAW AND ANALYSIS**

    **A.    EAJA**

On November 20, 2015, this Court adopted the undersigned's Report and Recommendation and reversed and remanded the instant case for further proceedings. ECF Dkt. #23, #24. The EAJA provides that a plaintiff shall be awarded attorney fees when he is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in

determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1. PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party.

### 2. SUBSTANTIALLY JUSTIFIED

Defendant does not contend that her position was substantially justified.

### 3. NO SPECIAL CIRCUMSTANCES

The undersigned finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the undersigned finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if those fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Although the EAJA limits attorney fees to the litigation process, this includes the EAJA application process. 28 U.S.C. §2413(a)(1)*; Jean*, 496 U.S. at 162. Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (internal citation omitted).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.* (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley,* 461 U.S. at 433.

In this case, Plaintiff requests attorney fees at an hourly rate of $187.63 for 40 hours of service performed by Attorney Roose and Attorney Kunder, and an hourly rate of $50.00 for 1.5 hours of work performed by Appellate Assistant Shriver, for fees totaling $7,580.20.  ECF Dkt. #26 at 4.  In addition, Plaintiff seeks $337.73 for 1.8 hours of work performed by Attorney Roose in connection with the instant EAJA application and $921.25 for work performed on the reply in support of the EAJA application.  *Id.;* ECF Dkt. #31 at 10.

A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  A plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

Defendant asserts that Plaintiff has based the attorney hourly rate on the All Urban Consumers CPI.  ECF Dkt. #28 at 6.  Continuing, Defendant contends that since the instant case was brought in the Northern District of Ohio, the hourly rate should be based upon rates in this District.  *Id*.  Defendant requests that the Court set the hourly rate at no more than $182.50, which is the rate calculated from the Midwest regional CPI according to Defendant.  *Id*.  Plaintiff correctly asserts that the undersigned has recently used the Midwest regional CPI index to calculate the appropriate hourly rate.  ECF Dkt. #31 at 2 (citing *Lowman v. Comm's of Soc. Sec.*, No. 1:15CV285 (N.D. Ohio Nov. 6, 2015)).  In *Lowman*, Defendant agued that the most applicable rate was $184.25 per hour, and the undersigned agreed.  *Lowman*, No. 1:15CV285 at 4.

The undersigned has previously determined that $184.25 per hour was a reasonable rate.  *See Lowman*, No. 1:15CV285.  Accordingly, an hourly rate of $184.25 will be used when calculating

the total amount of attorney fees for services performed by Attorney Roose and Attorney Kunder. This rate is reasonable and appropriate, as well as consistent with the rates of comparable disability law firms in Northern Ohio. *See e.g.*, *Killings v. Comm'r of Soc. Sec.*, No. 1:12-cv-479, 2013 WL 1455818 (N.D. Ohio Apr. 10, 2013) (EAJA fees granted at the rate of $180.54 per hour for 2011 and 2012 compensable hours); *Benyo v. Comm'r of Soc. Sec.*, 1:12-CV-02088, 2013 WL 1195528 (N.D. Ohio Mar. 22, 2013) (EAJA fees granted at the rate of $176.50 per hour for 2012 compensable hours and $175.00 per hour for 2011 compensable hours); *Lanken v. Comm'r of Soc. Sec.*, No. 5:11CV2607, 2013 WL 237478 (N.D. Ohio Jan. 22, 2013) (EAJA fees granted at the rate of $176.00 per hour for 2011 and 2012 compensable hours); *Rodriguez v. Comm'r of Soc. Sec.*, No. 3:11-cv-398, 2012 WL 2905928 (N.D. Ohio July 16, 2012) (EAJA fees granted at the rate of $176.95 per hour for 2011 and 2012 compensable hours). Plaintiff does not object to the Court imposing the rate of $184.25 per attorney hour. ECF Dkt. #31 at 3.

### **C.    ATTORNEY HOURS**

Plaintiff requests payment for 41.8 hours of service performed by Attorney Roose and Attorney Kunder, comprised of 22.0 hours of work performed by Attorney Roose and 18.0 hours of work performed by Attorney Kunder on the merits, and 1.8 hours of work performed by Attorney Roose on the EAJA application. ECF Dkt. #26 at 4. When arguing that the number of hours of work expended by counsel were reasonable, Plaintiff asserts that Attorney Kunder was responsible for reviewing the 520-page record, drafting the factual and procedural portions of the brief, and comparing the arguments made to the Appeals Council to the statement of facts and the record. ECF Dkt. #26 at 5. According to Plaintiff, Attorney Roose spent 15.4 hours working on the main brief, namely, reshaping and reorganizing the assignments of error, and 5.0 hours preparing the reply brief. *Id.* at 5-6. Continuing, Plaintiff argues that this case was not "routine," as it was of moderate

difficulty and complexity. *Id.* at 6. Plaintiff states that six assignments of error were raised, and four of those six were found meritorious by the Court. *Id.* Finally, Plaintiff indicates that the fees requested in this case are typical of the fees awarded by the Court. *Id.* at 6-7 (citing *Haight-Fenton v. Comm'r of Soc. Sec.*, No. 1:14CV93, 2015 WL 966296 (N.D. Ohio Sept. 23, 2015); *Parker v. Comm'r of Soc. Sec.*, No. 1:13CV2551 (N.D. Ohio June 30, 2015); *Johnson v. Comm'r of Soc. Sec.*, No. 1:14CV572 (N.D. Ohio June 9, 2015); *Koenig v. Comm'r Soc. Sec.*, No. 1:14CV402 (N.D. Ohio Apr. 2, 2015); *Johnson v. Comm'r of Soc. Sec.*, No. 5:14CV942 (N.D. Ohio Apr. 1, 2015); *McCall v. Comm'r of Soc. Sec.*, No. 1:14CV704 (N.D. Ohio Feb. 3, 2015); *Irizarry ex rel. A.A. v. Comm'r of Soc. Sec.*, No. 1:12CV3081, 2015 WL 261272 (N.D. Ohio Jan. 21, 2015); *Thompson v. Comm'r of Soc. Sec.*, No. 1:12CV2372 (N.D. Ohio May 29, 2014); *Dallas v. Comm'r of Soc Sec.*, No. 1:13CV591 (N.D. Ohio May 2, 2014).

Defendant contends that the hours expended on this case were excessive or otherwise unnecessary. ECF Dkt. #28 at 2. To support this position, Defendant asserts that the Sixth Circuit has suggested that the total average attorney time for Social Security cases is twenty to thirty hours. *Id.* Defendant also argues that four of the seven arguments raised by Plaintiff's counsel were nearly verbatim to issues raised before the Appeals Council, or are otherwise common arguments raised in Social Security cases. *Id.* at 3. Further, Defendant asserts that Attorney Roose and Attorney Kunder expended time performing the same work. *Id.* at 4. Finally, Defendant states that Plaintiff has not raised any extraordinary circumstances that would suggest a greater number of hours were required to litigate this case than the average Social Security case. *Id.* at 5.

In her reply, Plaintiff contends that a limit of 18.0 hours, as requested by Defendant, is unreasonable for the preparation of a twenty-five page opening brief. ECF Dkt. #31 at 4. Plaintiff also claims that Defendant is incorrect in asserting that the arguments raised by Plaintiff as to the

merits of this case were substantially similar to the arguments raised before the Appeals Council. *Id.* at 5.  Further, Plaintiff maintains that the arguments raised before the Appeals Council over a year ago had to be reworked and rewritten to be raised before the Court.  *Id.* at 5-6.  Finally, Plaintiff takes issue with Defendant's submission that twenty to thirty hours are typical of the amount of time required for a Social Security case.  *Id.* at 7.

The undersigned agrees with Plaintiff that this Court has awarded fees based on hours totaling more than thirty where Plaintiff's counsel has proven successful on the merits.  *See Parker v. Comm'r of Soc. Sec.*, No. 1:13CV2551 (N.D. Ohio June 30, 2015); *Lowman*, No. 1:15CV286. The arguments presented to this Court were not verbatim to the arguments Plaintiff's counsel presented to the Appeals Council, as is posited by Defendant, and it is reasonable to believe that the attorneys representing Plaintiff expended time to reformulate these arguments.  ECF Dkt. #11 at 270-73; ECF Dkt. #14 at 1-2.

That being said, the descriptions of the services rendered by Attorney Roose and Attorney Kunder do indicate that both attorneys expended hours reviewing the record and reviewing and editing the factual portions of the brief on the merits.  ECF Dkt. #26-1.  Attorney Kunder spent 18.0 hours performing "file review" and "drafting the factual and procedural portions of the brief."  ECF Dkt. #26-1 at 3.  After Attorney Kunder had performed her work on the brief, Attorney Roose performed the following work :

> 1/15/15: Review draft brief, add to argument; edit facts (reduced in exercise of billing judgment) - 3.0 [hours]
>
> 1/19/15: Review and edit statements of fact, research in record (reduced in exercise of billing judgment) - 1.0 [hours]
>
> 1/20/15: Continue to review records and refine arguments (reduced in exercise of billing judgment) - 3.0 [hours]

> 1/21/15: Continue drafting brief, edit facts and law (reduced in exercise of billing judgment) - 3.0 [hours]

ECF Dkt. #26-1 at 1. These entries demonstrate that both Attorney Roose and Attorney Kunder both expended hours reviewing the record and preparing the factual portion of Plaintiff's brief on the merits. Accordingly, the 3.0 attorney hours expended on January 15, 2015 are reduced by 2.0 hours to remove the portion of those hours spent reviewing the draft brief insofar as required to edit the factual portion of that draft brief and the actual editing of the factual portion. On January 19, 2015, 1.0 hour was spent reviewing and editing statements of fact and "research in the record." This hour is eliminated as it appears that it was spent reviewing the record and editing the factual portion of the brief. On January 20, 2015, 3.0 hours were expended reviewing the record and refining the argument. These hours are reduced to 1.5 hours to remove the portion of this time spent reviewing the record. On January 21, 2015, 3.0 hours were spent drafting the brief and editing the factual and legal portions of the brief. These hours are reduced to 1.5 hours to remove the portion of this time spent drafting and editing the factual portion of the brief. In sum, 6.0 hours will be reduced from the total number of hours claimed by Attorney Roose and Attorney Kunder to reflect portions of work that was duplicative.

### D. APPELLATE ASSISTANT HOURLY RATE

Defendant also challenges the hourly rate requested by Plaintiff for the services of Appellate Assistant Shriver, requested in the amount of $50.00 per hour for 1.5 hours of work, totaling $75.00. ECF Dkt. #28 at 6-7. Defendant correctly asserts that this Court has consistently held that $40.00 per hour is the reasonable rate for appellate assistant work. ECF Dkt. #28 at 6-7 (internal citations omitted). Plaintiff has agreed that $40.00 per hour is a reasonable rate for Appellate Assistant Shriver. ECF Dkt. #31 at 3. Defendant does not take issue with the number of hours billed by Appellate Assistant Shriver, and thus the undersigned recommends that the award

for Assistant Shriver's services be reduced to a total of $60.00, reflecting 1.5 hours of work performed at a rate of $40.00 per hour. ECF Dkt. #28 at 6-7.

### E. SUPPLEMENTAL AWARD

Plaintiff also requests a supplemental award for 5.0 hours of work performed on Plaintiff's reply to Defendant's response to the EAJA application at a rate of $184.25 per hour, totaling $921.25. ECF Dkt. #31 at 10. The total number of attorney hours for which Plaintiff sought an award in this case prior to making the request for a supplemental award for preparation of the reply to Defendant's response to the EAJA application was 41.8 hours (40 hours on the merits and 1.8 hours for preparation of the EAJA application). This number has been reduced by 6.0 hours, now totaling 35.8 hours.

Plaintiff now claims to have spent 5.0 hours preparing the reply in support of the EAJA application. ECF Dkt. #31 at 10. No documentation was provided explicitly indicating how these hours were spent. In *Killings*, 2013 WL 1455818 at *8, the Court determined that it was not apparent that counsel was required to perform new or additional work researching a new issue or preparing new documents to support the EAJA application and denied the request for a supplemental award. *Id.* In the instant case, it is apparent that Plaintiff was required to perform research regarding the range of hours of work typically allowed when determining Social Security awards to respond to Defendant's contention that twenty to thirty hours was typical. ECF Dkt. #31 at 6-8; *see Irizarry,* 2015 WL 261272 at *6. Further, Plaintiff had to respond to Defendant's suggestion that Attorney Roose's "time should be reduced dramatically or eliminated altogether" and the arguments thereto. ECF Dkt. #28 at 4; *see Irizarry,* 2015 WL 261272 at *6. The undersigned recognizes that Plaintiff's counsel was familiar with *Lowman*, No. 1:15CV285, which is central to Plaintiff's argument that the number of hours expended was reasonable, as the same counsel represented the

Plaintiff in that case. However, *Lowman* was relied upon to present arguments contrary to the specific assertions made by Defendant in the response to the EAJA application. *See Irizarry*, 2015 WL 261272 at *6. It is apparent from Plaintiff's reply in support of the EAJA application that Plaintiff's counsel expended work hours, as the reply includes approximately six pages of new arguments replying to Defendant's arguments and explaining why the number of hours used to determine the fee award should not be reduced as drastically as suggested by Defendant.

Plaintiff is entitled to an award for hours expended obtaining fees for work on the merits in this case. 28 U.S.C. § 2412(d)(1)(A); *see Jean*, 496 U.S. at 154. Plaintiff's reply in support of the EAJA application was responsive to Defendant's arguments, which requested a reduction of hours much greater than the reduction recommended by the undersigned. Accordingly, Plaintiff is entitled to a supplemental award for five hours of work performed on Plaintiff's reply to Defendant's response to the EAJA application at a rate of $184.25, totaling $921.25.

## II.     SUMMARY

Plaintiff requests payment for 41.8 hours of work performed by Attorney Roose and Attorney Kunder on the merits and the EAJA application at $184.25 hours, and 1.5 hours of appellate assistant work at $40.00 per hour, totaling $7,761.65. The undersigned finds that the number of hours of work performed by the attorneys should be reduced by 6.0 hours, a reduction to the sum of $6,596.15. This sum reflects 35.8 hours of work performed by Plaintiff's attorneys at an hourly rate of $184.25. After the reduction recommended by the undersigned, the total award based on work performed on the merits of this case and the EAJA application is $6,656.15 once Appellant Assistant Shriver's fee of $60.00 is added. Additionally, Plaintiff is entitled to a supplemental award of $921.25 reflecting 5.0 hours of work on Plaintiff's reply in support of the EAJA application. In sum, Plaintiff is entitled to $7,577.40.

**III.    RECOMMENDATIONS**

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Plaintiff's application for attorney fees under the EAJA (ECF Dkt. #26) in the amount of $7,577.40. The award is to Plaintiff, but paid to Plaintiff's counsel if no federal debts are owed.


Date:   April 22, 2016                                                        */s/George J. Limbert*
                                                                                                      GEORGE J. LIMBERT
                                                                                                      UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).